1
2
3
4
5

6          UNITED STATES DISTRICT COURT
     IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
7

8  | UNITED STATES OF AMERICA, | Case No.CR12-0001-RSL
9  | Plaintiff, | MOTION AND MEMORANDUM RE: DISCLOSURE OF 404b EVIDENCE
10 | vs. |
11 | TIMOTHY GEORGE DORAN, | Note:  September 7, 2012
12 | Defendant |

13

14   COMES NOW the defendant, and moves this Court for an Order requiring the

15 Government to disclose and notify the defendant of its intent to use prior bad acts evidence and

16 the source of that evidence.

17   DATED this 23rd day of August 2012.

18                               Respectfully Submitted,

19                               *S/Nicholas Marchi*
20                               Nicholas Marchi
                                 CARNEY & MARCHI
21                               Attorneys for Defendant

22
23
24
25

MOTION AND MEMORANDUM
FOR DISCLOSURE OF 404b EVIDENCE- 1

MEMORANDUM OF LAW

I.  FACTS

Mr. Doran has been charged by Indictment with one count of Failure to Register and Update Sex Offender Registration in violation of 18 U.S.C. § 2250.  Given the nature of the allegations against the defendant and the discovery that has been delivered to counsel, the defendant requests that the Government provide notice what information regarding his prior history and bad acts that the Government intends to introduce.  Specifically, the defendant requests that the Government produce any and all information it has in its possession regarding the murder of Thi Bich Ngoc NGUYEN.  The defendant also requests that the Government produce any and all documents regarding prior convictions and bad acts.

In reviewing the discovery in this matter, the government alleges that the defendant was involved in the murder of Ms. Nguyen in Vietnam in 2011.  The government has provided an internet report and Interpole request for information regarding the defendant but has provided no other information.  Additionally, the defendant served a request for discovery on the Government on June 12, 2012 requesting all reports and information on the murder.  To date, the defendant has received no information regarding this alleged charge.

II.  ARGUMENT

Rule 404 (b) of the Federal Rules of Evidence (FRE) provides that

"[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan..., provided  that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

To admit evidence under FRE 404(b), the government must demonstrate : (1) proof of the prior criminal act sufficiently to allow the trier of fact to conclude that the act occurred and that the defendant was the actor; (2) the prior act was not remote in time relative to the current charge; (3) similarity between the instant charge and the prior act; (4) the prior act is introduced to prove an element of the current charge. United States v. Jimimez, 967 F.2d 1321, 1326 (9th Cir. 1992). Furthermore, the evidence must not be more prejudicial than probative under FRE 403. United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir. 1982). These issues should be litigated in advance of trial so as to avoid surprise or delay. Given that this matter will be tried to the Court, the defendant submits that any hearing on the admissibility of such evidence, if it exists, can be accomplished at the beginning of the trial or contemporaneously thereto provided that reasonable notice of the evidence is provided.

The defendant thus respectfully requests that the government provide counsel with notice of the intent to use Rule 404 (b) evidence as well as Rule 609 and to provide the nature of that evidence with sufficient particularity to permit counsel the opportunity to investigate and prepare to defend against it. The defendant's request is more particularly described below.

The defendant requests that the court thus order disclosure of the following evidence:

(1) Any evidence the government intends to introduce against the accused regarding prior or subsequent criminal conduct and/or "bad acts" which is not charged in the information herein;

(2) Any evidence the government intends to introduce against the defendant pursuant to Rule 404(b) and/or Rule 609 of the FRE.

### III.  CONCLUSION

The defendant respectfully request that this Court order the Government to provide the

1  information requested herein and provide notice of its intent to introduce said evidence.

2  DATED this 23rd day of August 2012.

                                          Respectfully Submitted,

                                          *S/Nicholas Marchi*
                                          Nicholas Marchi
                                          CARNEY & MARCHI
                                          Attorneys for Defendant

MOTION AND MEMORANDUM
FOR DISCLOSURE OF 404b EVIDENCE- 4

**CERTIFICATE OF SERVICE**

I certify that a copy of the Motion for 404B Evidence was e-mailed via ECF on 8/23/2012, to A. Friedman, AUSA, 700 Stewart Street, Suite 5220, Seattle, WA 98104.

*S/ Nicholas Marchi*
CARNEY & MARCHI, P.S.
Attorneys for Defendant

MOTION AND MEMORANDUM
FOR DISCLOSURE OF 404b EVIDENCE- 5