12-CR-00001-DOCTRM

Honorable Robert S. Lasnik

1.
2.
3.
4. UNITED STATES DISTRICT COURT
5. WESTERN DISTRICT OF WASHINGTON
6. AT SEATTLE
7. UNITED STATES OF | Cause No: CR12-001-RSL
8. AMERICA | MOTION FOR
9. Plaintiff, | STATUS HEARING
10. | IN RE:
11. V. | F.R.Cr.P. 16, 41(E),
12. | 41(G)
13. Timothy Doran
14. Defendant
15.
16. THIS MATTER comes before the above-entitled
17. Court in regard to Defendant's request for
18. Discovery pursuant to Rule 16. Giving great
19. credence to Defendant's request, he relies
20. on Federal Rule of Criminal Procedure 16.
21. See Brady v. Maryland, 373 U.S. 83, 10 L.Ed.
22. 2d 215, 83 S.Ct. 1194 (1963). Defendant has
23. continuosly requested counsel to impel prosecution
24. and/or compel this court for discovery based
25. on Federal Agent's seizure of defendant's

1. computer data being exculpatory evidence;
2. that would in fact prove defendants innocence.
3. Requested any & all but not limited to:
4. ① <u>Scientific Evidence:</u> All reports relating to
5. forensic and/or scientific evidence in
6. regard to the Nguyen, Thi Bich Ngoc
7. murder investigation. Including names,
8. addresses, telephone numbers of all
9. individuals who conducted any forensic
10. and/or scientific testing regarding the
11. above referenced murder investigation.
12. This request includes but is not limited
13. to all autopsy reports, finger print reports
14. any DNA testing.
15. 
16. ② <u>Photographs & Physical Evidence:</u> Any items of
17. physical evidence which the Government may
18. introduce into evidence or have in it's
19. possession. This request also would pertain
20. to any items that are in the possession of
21. the Government of Vietnam, Police of Vietnam
22. or local Police of the city of Nha Trang
23. Vietnam. Copies of photographs, crime scene
24. sketches, finger print evidence and all reports
25. thereon which the Government may rely.

1. ③ <u>Statements By The Defendant</u>: All written or
2. recorded statements made by the Defendant,
3. as well as the substance of any oral
4. statements made by the Defendant regarding
5. the afore referenced murder investigation.
6. ④
7. <u>Witness Statements:</u> Any statements
8. made by a prospective witness of which relates
9. to the afore mentioned murder investigation
10. to which said witness will testify at hearing,
11. sentencing, pursuant to 18 U.S.C. Sect. 3500.
12. ⑤
13. <u>Search Warrants</u>: Copies of any search
14. warrant and supporting affidavits for search
15. warrants, arrest warrants, and consent to
16. search forms used in this case and a list
17. of all items siezed in relation to this case
18. and the afore mentioned murder investigation.
19. ⑥
20. <u>Informers, Confidential Informants, Undercover</u>
21. <u>Agents</u>: State whether or not there were
22. any informers, confidential informants and/or
23. undercover agents were involved in the afore
24. referenced murder investigation and if so
25. state:

1  1) Reveal Identity of said individuals;
2  2) Produce any statements and reports made
3  by said individuals;
4  3) Produce any recordings, and transcripts
5  thereof, of any conversations in which said
6  individuals were involved.
7
8  ⑦ <u>Tape Recordings, Transcripts And Reports</u>:
9  Produce and provide any and all tape recordings
10  (audio and/or video) and transcripts thereof of
11  any witnesses or law enforcement officer and
12  all conversations between said witnesses and
13  confidential informants, unindicted co-conspirators,
14  co-conspirators and co-defendants with regard to
15  the afore mentioned murder investigation.
16
17  ⑧ <u>Investigation Subpoena</u>: Produce any Invest-
18  igation Subpoena and Application for said Subpoena
19  which may have been used by law enforcement
20  authorities to obtain evidence or testimony
21  against Defendant with regards to this case
22  and/or the afore mentioned murder investigation.
23
24  ⑨ <u>Documents And Physical Evidence</u>: Produce
25  any and all books, papers, photographs tangible

things or copies of portions thereof, which are in the possession, custody or control thereof the Government, the Government of Vietnam, the Police of Vietnam or local Police agencies of the City of Nha Trang, Vietnam and which are material to the preparation of the defense or are intended to be used by the Government as evidence at the trial or hearing with regards to this case and the afore mentioned Murder investigation.

(10) <u>Prior Criminal History And Activity:</u> Provide all facts, information, rumors and suspicions on which law enforcement agents had reason to believe that the Defendant was engaging in criminal activity prior to the conduct alleged in the above mentioned Murder investigation. See: United States v. McClaim 531 F.2d 431 (9th cir 1972)

(11) <u>Brady Evidence:</u> Produce all documents of evidence in the possession of the prosecutor, or any Government agency, or the Government of Vietnam, the Police of Vietnam or local Police of the City of Nha Trang Vietnam which is favorable to the Defendant in accordance

1. with Brady v. Maryland, 373 U.S. 83 (1963).
2. Said production must extend to material in
3. the hands of other Government agencies besides
4. the United States Attorney's office. United
5. States v. Brooks, 966 F.2d 1500 (D.C. Cir. 1992)
6.
7. (12) Sworn, Written, Recorded or Transcribed Witness
8. Statements: Produce any and all statements
9. of witnesses which relates to the subject
10. matter as to which witnesses will testify
11. regarding this case and the afore mentioned
12. Murder investigation. This request includes
13. production of any testimony before a court record
14. or a grand jury as well as any sworn, written,
15. recorded or transcribed statements.
16.
17. (13) Text Messages And Computer Messages:
18. Produce any and all telephonic text messages,
19. computer Emails, chat, instant messages,
20. photographs, video's and audio recordings,
21. voice mails retrieved from Defendant's
22. computers and or cell phone in the possession,
23. custody or control thereof the Government,
24. the Government of Vietnam, Police of Vietnam, or
25. the Police of the City of Nha Trang Vietnam.

1. in regard to this case and the afore
2. mentioned murder investigation.
3.
4. (14) <u>Return of Property</u>: Return any and all
5. property belonging to Defendant that was
6. surrendered, siezed or given, via a third
7. party, to or by Government agents or Police
8. agencies in regard to this case or the afore
9. mentioned murder investigation. See Giglio
10. v. U.S., 405 U.S. 150 (1972) and F.R.Cr.P. 41(E),
11. (G).
12.
13. <u>Conclusion:</u>
14.
15. In sum, the Defendant's afore mentioned
16. request are relevant and fall within the
17. realm of the law.
18.
19. Therefore, Defendant respectfuly
20. request the Court to exercise it's inherent
21. authority to Order the Government and
22. prosecutor's office to comply comletely
23. with the afore mentioned request immed-
24. iately.
25.

1. Timothy Doran
2. [signature]
3.
4. November 5, 2012
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.

FEDERAL DETENTION CENTER
NAME: Doran, Tim
REG: 41864-086  UNIT: DB
P.O. BOX 13900
SEATTLE, WA. 98198-1090

Legal Mail

Honorable Robert S. Lasnik
PLEASE FORWARD TO:
US DISTRICT COURT
700 STEWART ST STE 2310
SEATTLE WA 98101