TRULINCS 41884086 - DORAN, TIMOTHY G - Unit: SET-E-A



FROM: 41884086
TO:
SUBJECT: Status of request for new counsel
DATE: 07/28/2013 08:11:52 PM

Judge Lasnik,

   Defendant respectfully request to be made aware of the status of the Courts consideration of Defendant's request for new counsel. The request for new counsel is based on 4,5,6,8,& 14th Amend. violations by Mr. Marchi previously stated to the Court.

   Mr. Marchi has requested twice to withdraw as counsel. Given these request, counsel's deliberate avoidance of the seven (7) request from the U.S Probation Dept. to have Defendant participate in the PSR, See attached, & the fact that at the 3-22-13 court date Mr. Marchi refused to question the Vietnamese Police, even though the Court implored him repeatedly that he had the opportunity to. Defendant can no longer, in good faith continue to have Mr. Marchi as counsel.

   Defendant is again, compelling this Court to recognize the egregious representation of Mr. Marchi & afford Defendant new counsel in the way of Peter Camiel. Given that the 3-22-13 meeting was NOT recorded by the gov't or Mr. Marchi, according to Mr. Marchi, the fact that at the next Evidentiary hearing new counsel will have the opportunity to cross examine the Vietnamese Police as well as other prosecution witnesses, there is no reason for the Court to bring the Vietnamese Police here again. At most, new counsel would need a short extension to prepare, which the gov't has already stated that defense counsel can take as long as needed to proceed.

   Defendant request for new counsel should be granted by this Court as the ineffectiveness issues raised satisfy both prongs of Strickland Washington.

   Defendant is not wasting the Courts time, only exercising their right to Sixth Amend. rights to effective assistance of counsel. Given the weight of the allegations the gov't is bringing against defendant, he does not want to have to rely on appeal for an appropriate sentence.

   On 6-10-13 the Court requested that the Defendant " let Mr. Marchi do his job". Mr. Marc hi continues to do nothing on this case & on 6-25-13 Defendant wrote another request for new counsel. To date Mr. Marchi'ds ineffectiveness persist leaving Defendant at the mercy of this Court to aide him in his request for new counsel.

   Defendant request this Court subpoena King county Sheriff's & Seattle Police depts. records of compliance, showing that Defendant signed & was notified of the term of compliance. Defendant maintains that it was always his understanding that his 1992 offense was a Class B felony with 10 year compliance, which he fulfilled prior to moving to Vietnam.

   Defendant request that this Court have Probation reschedule an appointment so that defendant is able to participate. The information contained in the PSR is inaccurate, Mr. Cull's statement was proven false by the Vietnamese Police testimony & the autopsy report & must be stricken from the PSR. Only due to Mr. Marchi's reluctance to allow defendant to participate & severely damaging inaccurate information in the PSR, if Defendant is not given the opportunity to participate in a new PSR the results will be irrevocable. Defendant request this Court strike the Special Condition of Supervised Release as they do not apply to Defendant & his criminal history.

   Defendant appreciates the Courts time & understanding in this matter & looks forward to gaining Peter Camiel as new counsel to defend him.

Sincerely,
Timothy Doran

12-CR-00001-AF

ADDENDUM TO PRESENCE REPORT
United States District Court
Western District of Washington

United States v. Timothy George Doran
Docket No. 2:12CR0001-001



## OBJECTIONS

### By the Government

The government provided objections and comments to the presentence report, some of which were incorporated in the revised report. Some of the government's comments were in response to objections from the defendant and those comments are reflected below.

### By the Defendant

The defendant provided updates and clarifications to factual information in the presentence report, some of which have been incorporated. The defense has also submitted the following objections.

The defendant first objects to the characterization that he failed to make himself available for the presentence interview. This officer contacted defense counsel on no less than seven occasions in an attempt to schedule a presentence interview in this matter. This officer was advised that Mr. Doran did not want to be interviewed until such time that he (Mr. Doran) had more information related to his case and he did not advise when he felt he would have sufficient information to proceed. Prior to the first draft going out to the parties, this officer contacted counsel in an effort to have Mr. Doran commit to be interviewed, or to decline to be interviewed. This officer received no further response and the first draft was sent out without benefit of the interview. Upon receipt of the draft report, this officer received a letter from the defendant stating that "counsel did not allow me to participate in the interview" and he went on to express concerns about the accuracy of the information in the report. This officer then followed up with counsel to ask whether or not the defendant wanted to submit to an interview and although the response was originally in the affirmative, there was no follow-up to my calls to get the appointment established. As such, the characterization remains.

Given that the defendant had not submitted to an interview, and there was no other indication that the defendant accepted responsibility for his conduct, the first draft of the report had no adjustment of acceptance of responsibility. Since that time, the defendant submitted a statement which is reflected in the revised report. However, the defendant objects that he should receive the benefit of a three-level reduction. In response, the government indicated that in order to receive the third point, a motion would need to be submitted from the government and the government was declining to do so for the reason stated in the report. As such, an adjustment was made to a two-level downward adjustment.

In what is now paragraph 31 of the presentence report, the defense provided a correction to the draft report of the defendant's release date of July 28, 1998, and indicated that as such, the conviction should not score. The government responded that even with this new corrected date, the defendant committed the offense within fifteen years of his release from custody and, therefore, the offense should be scored pursuant to USSG §§ 4A1.2(e)(1), and 4A1.1(a). The probation office agrees with the government's assessment and scores the criminal history accordingly.

ADDENDUM TO PRESENTENCE REPORT
United States v. Timothy George Doran
Docket No. 2:12CR0001-001
Page 2

Next, the defendant objects to the information reflected at what is now paragraphs 37-39 regarding the alleged murder in Vietnam. First, it is noted that the government intends to support this information during an evidentiary hearing prior to sentencing taking place. Secondly, pursuant to 18 U.S.C. § 3661, no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. Mr. Doran's murder of the woman in Vietnam, if supported, is relevant in considering his personal history and characteristics, a factor to be considered by the Court in determining an appropriate sentence. Therefore, the information has remained in the report.

Respectfully submitted,

Brian K. Facklam
U. S. Probation Officer

APPROVED:
Connie Smith
Chief U.S. Probation and Pretrial Services Officer

BY:
Michael Markham
Supervising United States Probation Officer



FEDERAL DETENTION CENTER  
NAME: Doran Tim  
REG: 41884-086  UNIT: EA  
P.O. BOX 13900  
SEATTLE, WA. 98198-1090

Legal Mail

29 JUL 2013 PM 7 L

Honorable Judge Lasnik  
U.S. Courthouse  
700 STEWART ST  
SEATTLE WA 98101