Honorable Judge Lasnik,                                8-1-13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA - Plaintiff<br>v<br>Defendant<br>TIMOTHY G DORAN | NO. CR12-0001 RSL<br><br>Motion to Withdraw Guilty Plea |
|---|---|

It comes now the defendant Timothy George Doran and moves the Court for an order allowing him to withdraw his guilty plea. Defendant make the following statements in support of this motion.

## Relevant Facts

1) On January 5, 2012 defendant was indicted for failing to register as a sex offender, pursuant to 18 U.S.C. 2250

2) Said failure to register stemmed from a state conviction for 2nd degree Rape, 1992.

3) Defendant completed his term of incarceration in 1998.

4) Defendant, believing that his obligation to register expired after 10 years, met said obligation through the King County Sheriff's.

department and Seattle Police until 2008.

5) At the time of defendant's conviction, SORNA was not in place.

6) After completing what he believed was his obligation to register and update his information in 2008, defendant traveled to Vietnam.

7) Upon returning to the United States in 2011, some time after defendant was made aware of the fact that he had been indicted on the Federal charge of "Failure to Register as a Sex Offender, pursuant to 18 U.S.C. 2250.

8) Upon being made aware of the above charge, defendant self surrendered to the U.S. Marshals.

9) Defendant has been held in custody since he self surrendered.

## Claim 1

The indictment is based on false, 3rd party hearsay by U.S. Marshal Senior Investigator Lisa Stephenson, which does not support the charge.

## Arguement

Defendant argues that the Governments

Key witness, with full cooperation of the United States Attorney's office, lied to the Grand Jury in order to have defendant indicted for failure to register.

1) Investigator Stephenson stated to the Grand Jury that "defendant had a warrant issued for him for failing to register by the King County Sheriff's dept." grand jury trans. pg. 3; 4, 5 & 6 lines.

2) The U.S. Attorney's office proffered NO proof that King County had such an active warrant, prior to or even after an Interpol request dated March 11, 2011. No where in any of the discovery does the U.S. Attorney's office supply a copy of such a warrant. The above mentioned Interpol request was a simple "Locate and question" request.

3) Investigator Stephenson goes on to admit that defendant was convicted of 2° Rape in 1992, grand jury trans. pg. 4 lines 5 & 6, but then in order to convince the Grand Jury that the defendant had a "life time" registration requirement, instead of 10 yrs, that a 2° Rape conviction would require, she goes on to ~~Misclas~~ TD Miscategorize defendant's offense as a Class A felony instead of the Class B that it is. grand jury trans. pg. 5 lines 3 & 4.

4) Defendant asserts that the only time the governments key witness, investigator Stephenson,

states that defendant had any registration requirement longer than 10 yrs. is when she states: "He was convicted of a Class A felony, so the duration is life time".

5) Investigator Stephenson knew this to be false, because she already stated defendant was convicted in 1992 of 2° Rape. 2° Rape of an adult is a Class B felony only requiring a 10 year registration obligation.

6) At no time does the government supply copies of notice advising the defendant of his duration to register baring his signature. The inspector does however admit defendant did comply with his registration obligation for 10 years after his release from prison - grand jury trans. pg. 5 line 8, 9 & 10.

7) Defendant argues that in order to be found guilty of "failure to register" pursuant to 18 U.S.C. 2250, three elements must be proven: 1) That at the time of offense, (in this case some time after October 9, 2009 as seen in the indictment), defendant had an obligation to register in the state he resides in. 2) That he traveled in interstate or foreign commerce, and 3) did fail to register in the state he relocated to.

8) In defendant's case if we break down the three requirements regarding 18 U.S.C. 2250, it becomes clear, that the indictment is fatally flawed.

9) The first requirement is that the defendant is required (at the time of his indictment) to register as a sex offender. The government attempts to satisfy this requirement in the indictment by stating " a sex offender who is required to register and update his sex offender registration".

10) Again, defendant can only assume the government means he was required to register & update his registration by the State of Washington since he has a pre-SORNA conviction.

11) As the government knows, despite misleading the Grand Jury, Congress vested the power in the Attorney General to decide how pre-SORNA cases would be handled. 42 U.S.C 16915 (duration of Registration Requirements) gave complete discretion to the Attorney General in those pre-SORNA cases. U.S. v. Valverdes, 628 F.3d 1159, 1162 (9th Cir. 2010). (The Attorney General's guidelines) are found in 73 Fed. Reg. 38,068, where he essentially left the matter of duration of registration and tolling of time for subsequent incarcerations up to States for pre-SORNA cases.

12) The RCW's for Washington State show that a 10 year registration obligation is required for those offenders convicted of 2° Rape of an Adult, (Not life time as presented to the Grand Jury!) Although it is true, the RCW's do have alternate durations registration for Rape convictions, such as 15 years, and life time, those durations are for offenses involving Rape of a Minor, not an adult.

1  In the defendant's case, as seen above
2  and the Grand Jury transcripts, the defendant
3  fulfilled his registration obligation for the 10 years
4  subsequent to his release from incarceration in 1998.
5
6  The Government claims that they were
7  made aware of a warrant for failure to register
8  in October of 2011 issued by King County. They
9  claim to have recieved a copy of an Interpol
10 "request to question" filed March 2011 regarding
11 an unrelated matter in Vietnam from King County
12 along with the supposed warrant.
13
14 Even in the Government's Grand Jury
15 witness's (Investigator Lisa Stephensen's) own
16 "Report of Investigation dated 11-9-2011 under
17 Section 5 there are multiple boxes to be checked
18 that advise law enforcement of what action
19 to take. Instead of checking the box for "Arrest"
20 she checked the box for "Collateral Lead". If, in fact,
21 there was an arrest warrant at the time by
22 King County, why did the investigator not act
23 on it and mark the box for "Arrest"?
24
25 In the defendant's case it is the
26 Governments responsibility to prove the defendant
27 did not believe he had satisfied his obligation
28 to register, within the meaning of 18 U.S.C 2250
29 (a)(1) which reads "Who soever is required
30 to register under the Sex Offender Notification
31 Act."
32
33 Absent a notice signed by the

1  defendant supplied by the King County Sheriff's
2  department advising defendant he had an obligation
3  to keep his registration updated for more than 10 years
4  he did so, he is innocent of the charge of
5  violation of 18 U.S.C. 2250 as alleged in the
6  indictment.

## Claim 2

10  1) The defendant asserts that he is legally
11  innocent of the charge listed in the indictment
12  and should be allowed to withdraw his plea of
13  guilty.

15  2) Fed. R. Crim. P. 11(d) allows for a defendant
16  to withdraw his plea of guilty, after the Court
17  accepts such a plea but prior to sentencing for
18  any reason that is "fair and just." See U.S. v
19  Ortega-Ascanco, 376 F.3d 879 (CA 9 2001).

21  3) The Appellate Courts have long held that
22  the term "fair and just" can mean: 1) Whether
23  defendant has asserted his or her legal innocence
24  in a Motion to withdraw his plea (such as this case)
25  2) The Court should consider the amount of
26  time that has lapsed between the Motion to with-
27  draw date and the date of plea, and 3) Whether
28  the Government would be prejudiced by such
29  Motion.

31  4) The defendant argues he has met the
32  requirements of One(1) and Two(2). Three (3)
33  should not apply since, gaining the defendants

guilty plea (based on false information by the Government to the Grand Jury) and on the ineffective Counsel who misled the defendant in believing that "It mattered NOT that the defendant had satisfied his state obligation to keep registered, that he was also required to register for life under SORNA."

The Government has spent little time to do with anything regarding defendant's guilt for failure to register. Instead they have concentrated on trying the defendant in a "Trial within a trial" and building a "Just in case, case" in regard to "allegation" of an offense in a foreign country, the Court has NO Jurisdiction in!

Based on the above mentioned facts, the defendant moves this Court to allow him to withdraw his plea of guilty.

Sincerly,

Timothy Doran