|  |  |
|---|---|
|  | Judge Lasnik |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | NO. CR12-0001RSL |
| | ) | |
| v. | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO |
| TIMOTHY G. DORAN, | ) | WITHDRAW GUILTY PLEA |
| | ) | (Dkt. No. 75) |
| Defendant. | ) | |
| _____ | ) | Noted: August 23, 2013 |

Comes now the United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Andrew C. Friedman and Brian D. Werner, Assistant United States Attorneys for said District, and files this Government's Response to Defendant's Motion to Withdraw Guilty Plea (Dkt. No. 75).

## I. INTRODUCTION

Defendant Timothy Doran has filed, *pro se*, a Motion to Withdraw Guilty Plea in which he claims that he is innocent of the crime of failure to register as a sex offender. This Court should deny the motion for two reasons. First, because Doran is represented by counsel, he is not permitted to file motions on his own behalf. Second, even if the Court were to consider the motion, the Court should deny it on the merits. The record in this case fully establishes Doran's guilt. As a result, Doran cannot credibly claim that he is innocent, and he therefore has failed to establish any basis for his motion.

## II.  FACTS

On September 21, 2012, Doran pled guilty before this Court to the sole count of the Indictment, Failure to Register as a Sex Offender and to Update Registration. At the

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

change of plea hearing, Doran and the government submitted a document titled Defendant's Statement on Plea of Guilty, which was signed by Doran, his attorney, and the attorney for the government. In that document, Doran made the following statements:

- In 1992, Doran was convicted of Rape in the Second Degree in Pierce County Superior Court and sentenced to 89 months of imprisonment;
- Because of this conviction, Doran was required to register as a sex offender for life;
- Doran understood that if he were to move out of Washington State, he must provide notice to the county sheriff with whom he last registered;
- in April 1999, Doran was released from prison, and he signed a King County Sheriff's Office Sex Offender Registration Notification Form;
- Doran submitted additional King County Sheriff's Office Sex Offender Registration Notification forms in May 2001, March 2004, January 2007, and October 2009;
- In October 2010, Doran moved from Seattle, Washington, to Vietnam; in March 2011, Doran returned to the United States; Doran subsequently moved to California, North Dakota, and the Seattle area;
- After October 2010, Doran never updated his King County registration, and never registered in any of the other jurisdictions where he resided.

*See* Defendant's Statement of Facts for Plea of Guilty (Dkt. No. 43). After admitting these facts, and being advised of the consequences of pleading guilty, including the maximum possible penalties, Doran entered a guilty plea. *See* 9/21/12 Minute Entry (Dkt. No. 42).

Doran's sentencing originally was scheduled for January 2013, but subsequently was continued to March 2013. In advance of the March sentencing date, Doran submitted a letter to the Court. In that letter, Doran again admitted that he was guilty of failing to register. He stated "I have taken responsibility for violating the court order. I traveled outside of Washington to work . . . ." Defendant's Sentencing Letter/Exhs. at 1 (Dkt. No.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

54).  Doran also submitted a letter to the Probation Office to qualify for a two-level reduction to his sentencing guidelines for acceptance of responsibility.  In that letter, Doran stated "I failed to update my sex offender registration with King County [and] I failed to register as a sex offender in any of the states that I resided.  I was aware that I was required to register. . . ."  Presentence Report ¶ 12 [hereinafter PSR].

Now, in August 2013, almost a year after pleading guilty, Doran, who is represented by counsel, has filed a *pro se* Motion to Withdraw Guilty Plea.  Doran's motion argues he should be allowed to withdraw his plea because he supposedly is innocent, either because he no longer was required to register as a sex offender, or because he did not know that he was required to do so.

### III.  ARGUMENT

**A.     Doran is not Permitted to File *Pro Se* Motions**

As an initial matter, this Court should strike Doran's motion, because Doran is not permitted to file *pro se* motions.  Pursuant to Rule CrR 1(a) of the Local Rules of the Western District of Washington, withdrawal of attorneys in criminal cases is governed by Rule 83.2(b) of the local civil rules.  Rule 83.2(b)(4) provides that

> [w]hen a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his or her own behalf, certifies in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed pro se . . . .

Doran currently is represented by Nicholas Marchi.  Although Doran has filed a motion seeking new counsel, *see* Defendant's Sealed Motion to Appoint New Counsel (Dkt. No. 73), it does not appear that Doran has requested to proceed on his own behalf, but, rather, has simply requested a different attorney, Peter Camiel, *see* Letter from Defendant Regarding Status of Request for New Counsel (Dkt. No. 74).  In addition, the Court has not entered an order substituting Doran to proceed *pro se*.  As a result, Rule 83.2 prohibits Doran from filing motions in his own behalf.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    This Court already has struck one motion filed by Doran *pro se* pursuant to Rule
2    83.2(b)(4) on the ground that Doran is represented by counsel. *See* Order Striking Motion
3    for Status Conference (Dkt. No. 49). The Court should do the same to Doran's current
4    motion. If Doran wishes to file motions in his own behalf, he can seek to terminate Mr.
5    Marchi and represent himself. Until he does so, however, Doran is not permitted to file
6    motions in his own behalf.

**B.    Doran's Motion is Without Merit**

Even if the Court were to consider Doran's motion to withdraw his guilty plea on the merits, the Court should deny the motion.

**1.    The Legal Standard**

A defendant does not have an absolute right to withdraw his guilty plea. *United States v. Castello*, 724 F.2d 813, 814 (9th Cir. 1984). Rather, after a guilty plea is accepted but before sentencing, a court may allow withdrawal of a guilty plea if "the defendant can show a fair and just reason for requesting withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ruiz*, 257 F.3d 1030, 1032 (9th Cir. 2001) (*en banc*). Although the Ninth Circuit has stated that this standard is to be applied liberally, *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998), the burden of establishing "a fair and just reason" rests with the defendant. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). "Fair and just reasons" include an inadequate plea colloquy, newly discovered evidence, intervening circumstances, or any other reason that did not exist when the defendant entered his plea. *United States v. Turner*, 898 F.2d 705, 713 (9th Cir 1990). A district court's decision on a motion to withdraw a guilty plea is reviewed for abuse of discretion. *Nostratis*, 321 F.3d at 1208.

**2.    Doran Has not Shown a Fair and Just Reason to Withdraw his Plea**

Doran's motion argues that he should be permitted to withdraw his guilty plea because he supposedly is innocent. Doran argues that he either was not required to register as a sex offender, or was not aware that he was still was required to do so after

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2008. The record belies Doran's claims. As a result, Doran has not met the requisite standard to withdraw his guilty plea.

Doran was charged with failing to register and update his sex offender registration in violation of 18 U.S.C. § 2250. That statute makes it a crime if a person "(1) is required to register under the Sex Offender Registration and Notification Act [SORNA]; . . . (2) travels in interstate or foreign commerce . . . and (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act." 18 U.S.C. § 2250. The record clearly establishes each of these three elements.

### a.  Doran was required to register as a sex offender under SORNA

Doran claims that he was not required to register as a sex offender under SORNA. Among other things, he bases his claim on the fact that he was convicted of his underlying sex crime -- rape in the second degree -- in 1992, before SORNA was enacted in 2006. Doran's claim is without merit.

SORNA, which is codified at 42 U.S.C. § 16911 *et seq.*, requires "sex offender[s]" to register, and update their registration, in each jurisdiction in which they reside or work." *See* 18 U.S.C. § 16913(a). SORNA defines the term "sex offender" to mean "an individual who was convicted of a sex offense." *See* 18 U.S.C. § 16911(1). And it defines "sex offense" to mean any "criminal offense that has an element involving a sexual act or sexual contact with another." *See* 18 U.S.C. § 16911(5).

Sex offenders must comply with SORNA for a period determined by the seriousness of their sex offense. *See* 18 U.S.C. § 16915. In the case of "tier III sex offender[s]" (the most serious category of sex offenders), the registration requirement typically lasts for "the life of the offender." *See* 18 U.S.C. § 16915(a)(3). Tier III offenders include all sex offenders whose offense is punishable by more than one year and "is comparable to or more severe than . . . aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18)." *See* 18 U.S.C. § 16911(4).

Aggravated sexual abuse is defined as "knowingly caus[ing] another person to engage in a sexual act [] by using force against that other person; or [] by threatening or

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." 18 U.S.C. § 2241(a).  Sexual abuse is defined as "knowingly [] caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping)."

Doran was convicted in 1992 of rape in the second degree in violation of Wash. Rev. Code. Ann. § 9A.44.050(1)(a).  *See* PSR ¶ 31; *see also* Government's Amended Sentencing Mem. Exh. B (a copy of the actual judgment) (Dkt. No. 60).  That statute provides that "[a] person is guilty of rape in the second degree when, under circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person [b]y forcible compulsion."  Wash. Rev. Code. Ann. § 9A.44.050(1)(a).

Rape in the second degree is a sex offense under SORNA because it has an element involving a sexual act with another.  As a result, Doran is required to register under SORNA.  And it is a tier III offense under SORNA because it requires force, and therefore is comparable to aggravated sexual abuse.  As a result, Doran's registration requirement is for his lifetime.

And, although SORNA was passed in 2006, after Doran's rape conviction, it is clear that SORNA's requirements apply to Doran.  Congress delegated to the Attorney General the decision to apply SORNA to sex offenders convicted prior to 2006.  *See generally United States v. Valverde*, 628 F.3d 1159, 1162-64 (9th Cir. 2010) (discussing the application of SORNA to pre-enactment sex offenders).  In July 2008, the Attorney General promulgated guidelines making SORNA effective as to all sex offenders.  Those guidelines became final in August 2008.  As a result, the *Valverde* court held that SORNA became effective against pre-enactment sex offenders (like Doran) on August 1, 2008.  *Id.* at 1169.

Thus, notwithstanding Doran's arguments, it is clear that Doran was required to register as a sex offender under SORNA.

        **b.     Doran Traveled in Interstate and Foreign Commerce**

Second, there is no question (and Doran does not dispute) that, between October 2010 and December 2011, Doran traveled in both interstate and foreign commerce. Doran admitted this fact during his guilty plea. *See* Defendant's Statement of Facts for Plea of Guilty, at 2 ("On or about October 29, 2010, I moved out of the Seattle Address to live in Vietnam. In March 2011, I returned to the United States, and lived at various times in San Francisco, California; Williston, North Dakota; and the Seattle, Washington area."). Doran also subsequently has admitted it to the Court. *See* Defendant's Sentencing Letter/Exhs., at 1 ("I have taken responsibility for violating the court order. I traveled outside Washington to work . . . .")

        **c.     Doran Knowingly Failed to Register and Update his Registration**

Finally, it is clear that Doran knowingly failed to register and update his registration during his travels. Again, Doran admitted this fact during his plea of guilty. *See* Defendant's Statement of Facts for Plea of Guilty, at 2 ("From October 2010 to the time of my self-surrender on December 21, 2011, I never updated my sex offender registration with King County, nor did I register as a sex offender in any of the jurisdictions in which I resided."). And, again, Doran has admitted it since pleading guilty. *See* PSR ¶ 12 (quoting letter in which Doran wrote "I failed to update my sex offender registration with King County [and] I failed to register as a sex offender in any of the states that I resided. I was aware that I was required to register. . . .")

        **d.     Doran's Focus on State Law Registration Requirements is Misplaced**

Doran focuses the majority of his motion on a claim that rape in the second degree is a class B (rather than class A) felony under Washington State law, and that he therefore was required to register for only 10 years under Washington State law. Doran argues that this establishes his innocence and supports withdrawal of his guilty plea. Doran's argument is factually and legally incorrect in multiple respects.

First, Doran's registration requirement, at least for purposes of this prosecution, is based on federal law, not state law. As noted above, 42 U.S.C. § 16913 imposes a federal

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

requirement that Doran register as a sex offender. 18 U.S.C. § 2250 criminalizes violation of that federal registration requirement. As a result, whether or not Doran is required to register, and if so for how long, under Washington State law is simply irrelevant to this case.

Second, although rape in the second degree was a class B felony prior to 1990, in 1990, the Washington legislature amended the law to make rape in the second degree a class A felony. *See* 1990 Washington Laws § 901(2). That amendment was effective July 1, 1990, and applied to all crimes committed on or after that date. *See id.* § 1406(2). Doran committed the rape in the second degree of which he was convicted in 1992. *See* PSR ¶ 31; *see also* Government's Amended Sentencing Mem. Exh. B (Dkt. No. 60). Thus, it was a class A felony. And Washington requires defendants convicted of class A felonies to register for life. Wash. Rev. Code. Ann. § 9A.44.140(1). Thus, even if Washington State law governed, Doran still would have been required to register.

Third, even if the rape had been a class B felony, Doran still would have been required to register by state law. Doran claims that class B felonies require registration for only 10 years. *See* Defendant's Mot., at 1, 3. This is incorrect. Washington law requires defendants convicted of class B felonies to register for 15 years after release from custody. Wash. Rev. Code. Ann. § 9A.44.140(1)(b). As a result, even if Doran was correct that he was convicted of a class B Felony, he would have still been required to register for 15 years following his 1999 release from prison – that is, throughout the operative time frame.

Finally, Doran's claim of good faith reliance on Washington State law is frivolous. Doran knew that he had in fact violated (rather than complied with) Washington State law. He knew in October 2009 – beyond his Motion's claimed "10 year obligation" -- that he had to continue to register under Washington law, because he signed registration forms that month. *See* Defendant's Statement of Facts for Plea of Guilty, at 2 (Dkt. #43). In addition, Doran stated in his letter to the Court he took responsibility for "violating the

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  court order" by which he presumably meant Washington law. Defendant's Sentencing
2  Letter/Exhs., at 1 (Dkt. No. 54).

### e. Conclusion

In sum, Doran's statements at the time of his guilty plea, as well as his substantive letters to the Court and the Probation Office conclusively establish each of the elements of the crime of failing to register as a sex offender to which he pled guilty. As a result, Doran cannot credibly claim to be innocent, the supposed basis upon which he seeks to withdraw his guilty plea. Doran cannot establish any inadequacy in his plea colloquy, any newly-discovered evidence, or any other reason that did not exist when he entered his guilty plea that would now support withdrawal of the plea. *Cf. Turner*, 898 F.2d at 713. Therefore, Doran has failed to establish a "fair and just reason" that would support withdrawal of his guilty plea, and his motion should be denied.

//
//
//

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCLUSION

For the foregoing reasons, the Court strike or deny Doran's Motion to Withdraw Guilty Plea.[1]

DATED this 20th day of August, 2013.

> Respectfully submitted,
> JENNY A. DURKAN
> United States Attorney
>
> *s/ Andrew C. Friedman*
> ANDREW C. FRIEDMAN
>
> *s/ Brian D. Werner*
> BRIAN D. WERNER
>
> Assistant United States Attorneys
> United States Attorney's Office
> 700 Stewart Street, Suite 5220
> Seattle, Washington 98101-1271
> Telephone:   (206) 553-2277
> Fax:   (206) 553-0755
> E-mail:   Andrew.Friedman@usdoj.gov
>    Brian.Werner@usdoj.gov

---

[1] Although the Court need not address Doran's allegations of misconduct in order to resolve Doran's motion, the government notes that Doran's motion alleges that Deputy United States Marshal Stephenson committed perjury before the grand jury to obtain his indictment. This allegation is entirely unfounded.

Doran alleges two specific instances of supposed perjury. First, Doran claims that Deputy Stephenson lied by testifying that a state warrant had been issued for Doran's arrest. *See* Defendant's Mot., at 3. Doran claims that there is no evidence any such warrant existed, and that he has not been provided any such warrant in discovery. *See id.* Doran is incorrect. The warrant is at page TD00054 of the discovery in this case.

Second, Doran claims that Deputy Stephenson lied by stating that rape in the second degree is a class A felony and that Doran therefore had a lifetime state registration requirement. *See* Defendant's Mot., at 3-4. Again, Doran is incorrect. As noted above, in 1992, rape in the second degree was a class A felony. As a result, it carries a lifetime registration requirement. Thus, Deputy Stephenson accurately summarized the applicable law.

Doran's willingness to make such unsupported allegations of misconduct against an honest agent is the type of conduct that supports rules such as this Court's local rule prohibiting represented parties from filing *pro se* motions. It is also further reason that Court should simply strike Doran's filing, rather than dignify it by addressing the substance of the motion.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the defendant.

*/s/Andrew C. Friedman*
ANDREW C. FRIEDMAN

Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:   (206) 553-2277
Fax:              (206) 553-0755
E-mail:         Andrew.Friedman@usdoj.gov

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
GUILTY PLEA/DORAN (No. CR12-0001RSL) - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970