Judge Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES,

              Plaintiff,

       v.

TIMOTHY G. DORAN,

              Defendant.

No.  CR12-0001RSL

GOVERNMENT'S MEMORANDUM IN
RESPONSE TO COURT'S ORDER
REQUESTING ADDITIONAL BRIEFING

Comes now the United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Andrew C. Friedman and Brian D. Werner, Assistant United States Attorneys for said District, and files this Government's Memorandum in Response to Court's Order Requesting Additional Briefing.

## I.   <u>INTRODUCTION</u>

On June 25, 2014, Defendant, Timothy Doran, submitted a memorandum that, among other things, objected to this Court considering Doran's murder of Bich Ngoc Thi Nguyen at the sentencing in this case.  Doran's memorandum relied upon a Tenth Circuit case, *United States v. Allen*, 488 F.3d 1244 (10th Cir. 2007), and argued that the Court

GOVERNMENT'S MEMORANDUM IN RESPONSE TO COURT'S ORDER REQUESTING
ADDITIONAL BRIEFING/DORAN (No. CR12-0001RSL) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  should not consider the murder because it was unrelated to the offense of conviction, in
2  supposed violation of what *Allen* characterized as "[t]he relatedness principle."
3        On July 15, 2014, this Court entered an order requesting further briefing regarding
4  the relatedness principle and its possible application to this case. As set forth below, the
5  relatedness principle applies to what conduct may be considered in calculating a
6  defendant's offense level under the Sentencing Guidelines. It does not preclude a court --
7  after it has calculated a defendant's offense level and advisory sentencing range under the
8  Sentencing Guidelines – from considering conduct in determining whether, and how
9  much, to vary from the advisory guidelines range.
10       In Doran's case, the Probation Office and the Government are recommending that
11 the Court find that Doran has an advisory sentencing range of 18-24 months. This
12 calculation does not incorporate in any way the fact that Doran murdered Nguyen.
13 Rather, it is based entirely upon Doran's failure to register as a sex offender. Because,
14 Doran's advisory sentencing range is independent of the murder of Nguyen, the
15 relatedness principle is not violated. As *Allen* itself recognizes, this Court can, however,
16 consider the murder of Nguyen in determining how much to vary from the advisory
17 guidelines range in the sentence that the Court ultimately imposes. The Court should do
18 so as part of its justification for imposing a sentence above Doran's advisory sentencing
19 range.

20                    **II.    BACKGROUND**

21       Doran was charged in this case with failing to register as a sex offender, in
22 violation of 18 U.S.C. § 2250. Doran subsequently pled guilty, without a plea agreement,
23 to that charge. The Probation Office prepared a Presentence Report that recommended
24 that the Court find that Doran has a base offense level of 16, pursuant to Section
25 2A3.5(a)(1) of the Sentencing Guidelines, the section applicable to violations of 18
26 U.S.C. § 2250. *See* Presentence Report ¶14. The presentence report recommended that
27 Doran's offense level be reduced by two levels for acceptance or responsibility, resulting
28 in a total offense level of 14, and an advisory sentencing range of 18-24 months. *See id.*

GOVERNMENT'S MEMORANDUM IN RESPONSE TO COURT'S ORDER REQUESTING
ADDITIONAL BRIEFING/DORAN (No. CR12-0001RSL) - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

¶¶ 23, 68.  This calculation, with which the Government agrees, was entirely independent of the fact that Doran murdered Nguyen – in other words, the murder had no effect on the guidelines calculation.

Prior to Doran's sentencing hearing, which originally was scheduled for March 22, 2013, the Government filed a sentencing memorandum that recommended that the Court adopt the Probation Office's Sentencing Guidelines calculation, but that the Court impose a sentence above the advisory sentencing range.  The Government's sentencing memorandum indicated that one of the bases on which the Government was recommending an above-Guidelines sentence was the fact that Doran had murdered Nguyen, and stated that the Government intended to present evidence to prove that murder.  The Government presented such evidence at the March 22, 2013, hearing, and at the May 22, 2014, continuation of that hearing.

At the end of the hearing, the Court indicated that it intended to establish a briefing schedule for the parties to brief "whether or not the government had met a burden of clear and convincing evidence to establish the violation that he committed the murder in Vietnam."  Transcript of May 22, 2014, Hearing, at 32 (filed as Docket No. 106 Exh. A).  Although it was beyond the scope of the issue concerning which the Court had ordered briefing, Doran's brief also argued that the Court could not consider the murder because to do so supposedly would violate the "relatedness principle" established by a Tenth Circuit decision, *United States v. Allen*, 488 F.3d 1244 (10th Cir. 2007).

The government's original brief did not address this issue, both because it was beyond the scope of the briefing ordered by the Court, and because Doran had not previously identified *Allen* or the relatedness principle as being relevant to the case.  As a result, the Court issued an Order requesting additional briefing concerning "the application of the relatedness principle to the circumstances of this case."  Order Requesting Further Briefing (July 15, 2014).  The government is filing this brief in response to that Order.

GOVERNMENT'S MEMORANDUM IN RESPONSE TO COURT'S ORDER REQUESTING
ADDITIONAL BRIEFING/DORAN (No. CR12-0001RSL) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# III.    ARGUMENT

**A.    The Legal Framework Governing Sentencing**

In fashioning a sentence, a district court must first calculate the defendant's sentencing range under the Sentencing Guidelines. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*en banc*). The district court must treat the Guidelines range as the "starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

The district court then must consider the 18 U.S.C. § 3553(a) sentencing factors, which include, among others: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to afford deterrence, and to protect the public; and the sentencing range. *See Carty*, 520 F.3d at 991; 18 U.S.C. § 3553(a).

In determining what sentence to impose, a district court may sentence a defendant based upon facts not found by a jury. *See United States v. Fitch,* 659 F.3d 788, 796 (9th Cir. 2011), *cert. denied,* 133 S. Ct. 175 (2012); *see also United States v. Booker*, 543 U.S. 220 (2005) ("the defendant has no right to a jury determination of the facts that the judge deems relevant"). The facts that a court may consider include past criminal conduct for which a defendant has not been convicted. *See Williams v. New York*, 37 U.S. 241, 244 (1949). Indeed, they may include conduct for which the defendant has been acquitted. *See United States v. Watts*, 519 U.S. 148, 155 (1997) (stating that "acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt.")

A district court is not, however, entirely unconstrained in its selection of an appropriate sentence. The sentence that the district court ultimately selects may be above or below the Sentencing Guidelines range, but "it must not be substantively unreasonable." *See Fitch*, 639 F.3d at 796; *see also Rita v. United States*, 551 U.S. 338, 341 (2007).

GOVERNMENT'S MEMORANDUM IN RESPONSE TO COURT'S ORDER REQUESTING
ADDITIONAL BRIEFING/DORAN (No. CR12-0001RSL) - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.    The *Allen* Decision**

In *United States v. Allen,* 488 F.3d 1244 (10th Cir 2007), law enforcement agents were investigating Allen, who previously had been convicted of kidnaping and raping a 15-year-old girl, and who apparently was plotting to kidnap, rape, torture, and kill another young girl.  The agents apparently did not succeed in developing evidence that warranted bringing a case, but did develop a drug case against Allen.

As a result, Allen was charged with possession with intent to distribute methamphetamine.  Allen's sentencing range on the drug charges was 120-135 months. *Id.* at 1252.  The district court correctly calculated this range, but then departed upward based upon the evidence relating to Allen's apparent plot to kidnap, rape, and murder children.  *Id.*  Based upon this evidence, the district court sentenced Allen to 360 months' imprisonment.  *Id.*

In Allen's appeal, the Tenth Circuit first examined the district court's calculation of the Sentencing Guidelines.  The *Allen* court held that the plan to kidnap, rape, and murder children could not be considered relevant conduct, which should be included in determining Allen's offense level.  *See id.* at 1254-55; *see also* U.S.S.G. § 1B1.3(a) (stating that a defendant's offense level is determined based on "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"); *id.* § 1B1.3 comment. (backg'd) (stating that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range.")

The *Allen* court described this as "[t]he relatedness principle."  *See Allen*, 488 F.3d at 1255.  The court noted that the district court in the case had concluded, and the government did not contest, that Allen's contemplated sexual abuse and murder did not qualify as relevant conduct.  *See id.* at 1256.  In other words, the *Allen* court found that the district court had complied with the relatedness principle in determining Allen's offense level.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Significantly, however, after concluding that Allen's planned sexual abuse and murder did not afford a basis for increasing Allen's offense level (or for increasing his criminal history category or serving as a basis for a departure specifically authorized by the terms of the Sentencing Guidelines, *see id.* at 1256-58), the *Allen* court turned to the second stage of its sentencing review – review of Allen's sentence for reasonableness. In doing so, the *Allen* court stated expressly that "[t]he fact that Mr. Allen's sentence could not have been justified under the Guidelines does not, of course, mean that it is unreasonable.  The district court did not purport to hew to the Guidelines in setting Mr. Allen's sentence, and as a result of the *Booker* decision, was not required to do so." *Id.* at 1258.

The *Allen* court also stated that "sentencing courts have some latitude to consider evidence and conduct beyond what would have been permissible under §§ 1B1.3, 4A1.3, and 5K2.0 in the course of determining whether the defendant's criminal history adequately reflects his dangerousness to the community." *Id.* at 1259.  The court noted that it previously had upheld upward variances based upon evidence of past misconduct (such as police records) that had not resulted in convictions.  *See id.* (and cases cited therein).  And it acknowledged that "[i]t might well have been reasonable for the district court to consider Mr. Allen's uncharged conduct as a factor bearing on offender characteristics."

Although the *Allen* court ultimately reversed Allen's 360-month sentence on the ground that the sentence was unreasonably high, the important point for purposes of Doran's case is that the court did not incorporate the relatedness principle into the portion of its opinion addressing reasonableness.  *See id.* at 1258-62.  Indeed, the *Allen* court implicitly rejected any such application of the relatedness principle by holding that "[t]he question posed by this case . . . is not whether consideration of . . . unrelated, unadjudicated, and dissimilar actions was improper, but whether the weight given to those actions was excessive."  *Id.* at 1259.

GOVERNMENT'S MEMORANDUM IN RESPONSE TO COURT'S ORDER REQUESTING
ADDITIONAL BRIEFING/DORAN (No. CR12-0001RSL) - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C.      Application of the Relatedness Principle in Doran's Case**

Assuming the applicability of *Allen* and the relatedness principle in the Ninth Circuit, it is clear that the approach that the Probation Office and the Government are recommending complies with that principle.  The Probation Office and the Government are recommending that the Court find that Doran's total offense level is 14, and that his criminal history category is II, resulting in a sentencing range under the Sentencing Guidelines of 18-24 months.  This offense level and sentencing range do not incorporate any adjustment based upon Doran's murder of Nguyen.  In other words, they do not include any conduct that might fail to satisfy the relatedness test.  The Court therefore can, and should, find that Doran's sentencing range under the Sentencing Guidelines is 18-24 months.

The Government also is recommending that the Court consider the murder of Nguyen as one basis for imposing an above-guidelines sentence.  Assuming the Court agrees that the government has proved the murder by clear and convincing evidence, the murder clearly is relevant to certain of the 18 U.S.C. § 3553(a) factors, including Doran's history and characteristics, and the need to protect the public from further crimes by Doran.  The relatedness principle has no force in precluding the Court from considering the murder in determining, in the exercise of its discretion, what sentence is appropriate in this case.  Indeed, *Allen* supports the use of the murder for that purpose.

As a result, the sentencing approach that the Government is recommending is fully consistent with the relatedness principle.  Therefore, the Court should enter an order holding that the Government has proved by clear and convincing evidence that Doran murdered Nguyen, and holding that the Court will consider that fact for purposes of determining the appropriate sentence in this case (but not Doran's Sentencing Guidelines range, which could violate the relatedness principle).

Consistent with the plan set forth at the May 22, 2014, hearing, the Court also should set a sentencing date.  The parties then can argue in their sentencing memoranda, and at the sentencing hearing, what is the appropriate sentence in this case (which

GOVERNMENT'S MEMORANDUM IN RESPONSE TO COURT'S ORDER REQUESTING
ADDITIONAL BRIEFING/DORAN (No. CR12-0001RSL) - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  necessarily will include arguments as to how much weight the Court should afford the

2  murder in its balancing of the 18 U.S.C. § 3553(a) factors.

3                 **IV.   <u>CONCLUSION</u>**

4        For the foregoing reasons, and the reasons set forth in the Government's

5  Memorandum re: Murder of Nguyen, the Court should find that the Government has

6  proved by clear and convincing evidence that Doran murdered Nguyen, and should hold

7  that it will consider that fact in balancing the 18 U.S.C. § 3553(a) factors and imposing

8  sentence in this case.  The Court also should schedule the final sentencing hearing in this

9  case and order the parties to submit updated sentencing memoranda in advance of that

10 hearing.

11       DATED:  this 23rd day of July, 2014.

12

13                     Respectfully submitted,

14                     JENNY A. DURKAN

15                     United States Attorney

16                     s/ Andrew C. Friedman

17                     ANDREW C. FRIEDMAN

18                     s/ Brian D. Werner

19                     BRIAN D. WERNER

20                     Assistant United States Attorneys

21                     700 Stewart Street, Suite 5220

                       Seattle, Washington  98101-1271

22                     Telephone:    (206) 553-7970

23                     Fax:              (206) 553-0882

24                     E-mail:          Andrew.Friedman@usdoj.gov

                                         Brian.Werner@usdoj.gov

25

26

27

28

GOVERNMENT'S MEMORANDUM IN RESPONSE TO COURT'S ORDER REQUESTING
ADDITIONAL BRIEFING/DORAN (No. CR12-0001RSL) - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2                              **CERTIFICATE OF SERVICE**

3

4           I hereby certify that on July 23rd, 2014, I electronically filed the foregoing with

5   the Clerk of Court using the CM/ECF system which will send notification of such filing

6   to the attorney of record for the defendant.

7

8

9                                   s/ Andrew C. Friedman
                                    ANDREW C. FRIEDMAN
10                                  Assistant United States Attorney

11
                                    United States Attorney's Office
12                                  700 Stewart, Suite 5220
                                    Seattle, Washington 98101-1271
13                                  Telephone:    206-553-2277
                                    Facsimile:    206-553-0882
14                                  E-mail:       Andrew.Friedman@usdoj.gov

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S MEMORANDUM IN RESPONSE TO COURT'S ORDER REQUESTING
ADDITIONAL BRIEFING/DORAN (No. CR12-0001RSL) - 9