JUDGE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR12-00001RSL |
| Plaintiff, | |
| v. | DEFENDANT'S RESPONSE TO GOVERNMENT'S ADDITIONAL BRIEFING |
| TIMOTHY DORAN, | |
| Defendant. | |

### I.  The Government Misreads *United States v. Allen.*

The government's sole argument is that the "relatedness principle" has no import here because that principle only applies to a Guidelines rather than a reasonableness analysis. Specifically, the government argues that "[a]lthough the *Allen* court ultimately reversed Allen's 360-month sentence on the ground that the sentence was unreasonably high, the important point for purposes of Doran's case is that the court did not incorporate the relatedness principle into the portion of its opinion addressing reasonableness." Govt's Memorandum at 6. In other words, the government contends that even though the *Allen* court reversed the sentence as substantively unreasonable, the court's lengthy discussion of the relatedness principle was confined to its Guidelines analysis despite the fact that in *Allen*, as here, there was no dispute that the unrelated conduct did not impact the Guidelines calculation. *See United States v. Allen*, 488 F.3d 1244, 1252 (10th Cir. 2007) ("the district court correctly calculated an

DEFENDANT'S RESPONSE TO
GOVERNMENT'S ADDITIONAL
BRIEFING - 1
(*Timothy Doran*, CR12-00001RSL)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

advisory sentencing range of 120-135 months in prison"); *see also* Govt's. Memorandum at 5 ("the *Allen* court found that the district court had complied with the relatedness principle in determining Allen's offense level").

The government's reading of *Allen* – that the 10th Circuit "did not incorporate the relatedness principle into the portion of its opinion addressing reasonableness" – renders the court's opinion nonsensical. Again, as here, there was no dispute in *Allen* that the Guidelines calculation was correct. Rather, the critical issue as framed by the 10th Circuit was whether it was reasonable for the district court to effectively sentence Mr. Allen as if he had committed an entirely different crime:

> The question presented is whether it was reasonable for the district court effectively to sentence Mr. Allen as if he had been tried and convicted of attempted criminal sexual abuse or solicitation of murder, when his crime of conviction was sale of methamphetamine.

*Allen*, 488 F.3d at 1253.

While the *Allen* court recognized that "after *Booker*, sentencing courts have some latitude to consider evidence and conduct beyond what would have been permissible under §§ 1B1.3, 4A1.3, and 5K2.0 in the course of determining whether the defendant's criminal history adequately reflects his dangerousness to the community[,]" it found that "the district court essentially abandoned consideration of the advisory guidelines range and substituted a calculation based explicitly on unrelated conduct with which Mr. Allen had not been charged or convicted." *Id*. at 1259. And the court made clear that by doing so, the district court "strayed from the path of reasonableness." The court explained:

> Even if it is reasonable to conclude that a defendant who committed uncharged crimes or who presents a serious risk of committing future crimes deserves greater punishment than a similarly-situated defendant who committed no such other crimes and presents no such risk, it is quite another thing to conclude that the proper measure of that increase is the sentence that would be imposed had the defendant actually been convicted of those uncharged, unrelated crimes.

DEFENDANT'S RESPONSE TO
GOVERNMENT'S ADDITIONAL
BRIEFING - 2
(*Timothy Doran*, CR12-00001RSL)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

*Allen*, 488 F.3d at 1259. The court further opined in its reasonableness discussion that while the district court may have based Mr. Allen's sentence on the prospect of his future dangerousness rather than on evidence that he actually committed the unrelated crimes, that this approach "violates the Constitution's basic guarantee that a defendant shall not be punished for 'Crimes' unless tried before and convicted by an impartial jury." *Id*. at 1260. Ultimately, the court held that "whatever latitude a sentencing court may have to adjust a defendant's sentence in an exercise of *Booker* discretion, it may not discard the advisory Guideline range and impose sentence, instead, on the basis of evidence of the defendant's uncharged, unrelated misconduct, whether actually committed or contemplated for the future." *Id*. at 1262.

In sum, contrary to the government's assertions, the *Allen* court did not reverse Mr. Allen's sentence based on a generalized unreasonableness analysis but specifically found the sentence unreasonable because the district court based its sentence on "an entirely different, and far more serious, crime." *Id*. at 1260. In direct contradiction of *Allen*, the government urges this Court to "discard the advisory Guideline range and impose sentence, instead, on the basis of evidence of the defendant's uncharged, unrelated misconduct, whether actually committed or contemplated for the future." *Id*. at 1262.  As in *Allen*, such a sentence would be constitutionally and substantively invalid. The relatedness principle is applicable to the present sentencing. *See United States v. Pinson,* 542 F.3d 822 (10th Cir. 2008) (quoting *Allen*, 488 F.3d at 1260) (distinguishing *Allen*, finding that "[m]uch of the conduct on which the district court based its variance was not unrelated to the conduct of defendant's conviction" and thus "Mr. Pinson was not sentenced as if he had committed a totally different and 'far more serious, crime[.]'" ); *cf.*, *United States v. Tucker*, 473 F.3d 556 (4th Cir. 2007) (quoting *United States v. Booker*, 543 U.S. 220, 246 (2005)) (vacating upward variance, noting that Supreme Court had previously stressed the importance of maintaining "'a strong

DEFENDANT'S RESPONSE TO GOVERNMENT'S ADDITIONAL BRIEFING - 3
(*Timothy Doran*, CR12-00001RSL)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  connection between the sentence imposed and the offender's real conduct—a
2  connection important to the increased uniformity of sentencing that Congress intended
3  its Guidelines system to achieve.'").
4  　　　　As noted in Mr. Doran's previous briefing, the relatedness principle is not
5  contrary to precedent from the Ninth Circuit. In *United States v. Fitch*, 659 F.3d 788
6  (9th Cir. 2011), the Court upheld a lengthy sentence in a fraud case based upon a finding
7  at sentencing that the defendant committed a homicide that was "a means to commit his
8  crimes" for which he was convicted. *See id.* at 795, 797. In this case, the government
9  makes no factual argument that the alleged homicide is somehow related to Mr.
10 Doran's offense of conviction, Failure to Register as a Sex Offender. Indeed, by
11 focusing only on the *Allen* case, the government implicitly acknowledges that the
12 alleged homicide in Vietnam is completely unrelated to Mr. Doran's failure to register
13 as a sex offender.
14 　　　　DATED this 28th day of July, 2014.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　s/ *Dennis Carroll*
　　　　　　　　　　　　　　　　　　　Dennis Carroll, WSBA No. 24410
　　　　　　　　　　　　　　　　　　　s/*Vicki Lai*
　　　　　　　　　　　　　　　　　　　Vicki Lai, WSBA No. 23935
　　　　　　　　　　　　　　　　　　　Attorneys for Timothy Doran
　　　　　　　　　　　　　　　　　　　Office of the Federal Public Defender

DEFENDANT'S RESPONSE TO
GOVERNMENT'S ADDITIONAL
BRIEFING - 4
(*Timothy Doran*, CR12-00001RSL)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of filing to all parties registered with the CM/ECF system.

> s/ *Charlotte Ponikvar*
> Charlotte Ponikvar, Paralegal
> Office of the Federal Public Defender
> 1601 Fifth Avenue, Suite 700
> Seattle, WA 98101
> Phone: (206) 553-1100
> Fax: (206) 553-0120
> Charlotte_Ponikvar@fd.org

DEFENDANT'S RESPONSE TO GOVERNMENT'S ADDITIONAL BRIEFING - 5
(*Timothy Doran*, CR12-00001RSL)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**