```
1                UNITED STATES DISTRICT COURT

2               WESTERN DISTRICT OF WASHINGTON

3                        AT SEATTLE

4  _____

5  UNITED STATES OF AMERICA, )   NO. CR12-001 RSL
                             )
6            Plaintiff,      )
                             )
7  vs.                       )   September 14, 2012
                             )   Seattle, Washington
8  TIMOTHY DORAN,            )   1:30 p.m.
                             )
9            Defendant.      )
   _____
10
         TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
11          BEFORE THE HONORABLE ROBERT S. LASNIK
             UNITED STATES DISTRICT COURT JUDGE
12 _____

13
   For the Plaintiff:       MR. BRIAN WERNER
14                          -and-
                            MR. ANDREW FRIEDMAN
15                          Assistant United States Attorney
                            700 Stewart Street, #5220
16                          Seattle, Washington 98101

17
   For the Defendant:       MR. NICHOLAS MARCHI
18                          Carney & Marchi PS
                            108 S. Washington Street, Ste 406
19                          Seattle, Washington 98104

20

21
   Court Reporter:          Leslie A. Waltzer, CSR
22                          3641 North Pearl Street
                            Tacoma, WA 98407
23

24
       (Proceedings recorded by mechanical stenography;
25  transcript produced with aid of computer.)
```

```
 1   (Defendant Present, in Custody)
 2            THE CLERK:  All rise.  Court is again in
 3   session, the Honorable Robert S. Lasnik presiding.
 4            THE COURT:  Thank you.  Please be seated.
 5            THE CLERK:  Case CR 12-001, United States versus
 6   Timothy Doran.
 7       Counsel, would you please make your appearances.
 8            MR. WERNER:  Good afternoon, Your Honor.  Brian
 9   Werner and Andrew Friedman on behalf of the United
10   States.
11            THE COURT:  Welcome, Counsel.
12            MR. MARCHI:  Good afternoon, Your Honor.
13   Nicholas Marchi on behalf of the Defendant, Mr. Doran.
14            THE COURT:  Hi, Mr. Marchi and Mr. Doran.
15       There was a request for a status conference in the
16   case, which I think was a good idea, so I granted it.
17   And I think that there's also a number of motions that
18   are before me:  A motion from the Defendant to continue
19   the trial date, a motion regarding the disclosure for
20   404(b) evidence, and then the motion for the status
21   conference, which I've already granted, and that's why
22   we're here.
23       So let's do the motion on the trial date first.
24   Mr. Marchi, you've seen the government's response here
25   that we don't need a continuance of the trial date; we
```

1   might need a continuance of the sentencing.  So tell me
2   what the situation is.
3              MR. MARCHI:  Yes, Your Honor.
4       Your Honor, we did file a motion to continue.  As the
5   Court is aware, the reason for the continuance is
6   Mr. Doran and I had requested additional information so
7   that he can make a knowing and intelligent decision to
8   enter a guilty plea.  In discussing the matter with
9   Mr. Doran, including today, and given some of the
10  responses that we've gotten from the government, I
11  believe that Mr. Doran is going to enter an open plea to
12  the indictment.
13       From my understanding and review of the records and
14  what I've been informed of by prior counsel and the
15  parties, Mr. Doran has always indicated that he wasn't
16  seeking a trial; however, he wanted a continuance so he
17  could get the necessary information the government may or
18  may not have so he could make the appropriate decision.
19  As this Court is aware, the government is alleging that
20  Mr. Doran was involved in a murder in Vietnam, and that
21  they're going to aggravate his sentence based on an
22  allegation that to date we don't have a lot of
23  information on it.
24       I would anticipate that we could enter a plea to the
25  indictment in the near future as long as we can hammer

1   out the appropriate statements.  At least the other pleas
2   I've done open to the Court, the government usually wants
3   some sort of factual resuscitation to support the plea.
4   I think we can do that.  Between myself and the
5   government we can get a plea done; however, there are
6   other discovery issue that Mr. Doran and I would like to
7   bring up at this time.  But that's where we stand on the
8   motion to continue.
9        I might suggest that we table a ruling on the
10  continuance for approximately 14 days so the parties can
11  see if we can hammer out not a plea agreement, but a
12  statement that would support a plea.  My feeling is we
13  don't need a written statement, but the government may
14  feel otherwise.
15          THE COURT:  Well, the statement that would
16  support the plea of guilty would be a statement that only
17  addresses the elements of the charge and would not go to
18  anything that happened before or after.
19          MR. MARCHI:  Right.
20          THE COURT:  And I don't anticipate that's going
21  to be a problem.  So with that, you don't anticipate a
22  problem either if the statement is just the elements of
23  the crime charged?
24          MR. MARCHI:  I do not anticipate a problem, Your
25  Honor.  And Mr. Doran just wants to make sure that, you

```
 1   know, he reviews it and understands it.
 2              THE COURT:  Absolutely.  But I don't see any
 3   reason to continue the trial if he's not going to plead
 4   guilty, because the trial is just going to go to the
 5   elements of the crime, and there doesn't seem to any
 6   discovery outstanding at least on that.  If you don't
 7   want me to rule on it today, I won't rule on it today,
 8   but I can certainly tell you which way I'm leaning, which
 9   is to deny the motion to continue, and to go to trial on
10   October 15th.
11      If there's a conviction, then I will certainly, when
12   it come time to set the sentencing date, be agreeable to
13   extending the sentencing date to allow you to both get
14   the information that the government intends to rely on
15   and also to perhaps investigate or to produce your own
16   evidence.  But in the meantime, I really don't think we
17   should conflate the two today, which is why I haven't
18   ruled on certain other issues that you put before me that
19   are not the matter between -- that the government takes a
20   stake in.
21      So, you know, I certainly expect that we will proceed
22   on two tracks.  One, to the determination of guilt, which
23   is either going to be by a plea of guilty or a
24   determination at trial, and then the sentencing, which is
25   the only place that any such issues could possibly come
```

1   up.  And the government has already indicated they do not
2   tend to rely on any so-called 404(b)evidence, and so that
3   motion is moot, and I don't see what else could affect
4   the discovery for the trial date.
5           MR. MARCHI:  I concur with that.  The only thing
6   I would point out, Your Honor, is we do need to conduct
7   one interview with Detective Kim Fields, who is the
8   Seattle police detective that Mr. Doran was reporting to.
9   Again, that's something we can handle internally, but
10  that would be the only discovery that I have towards the
11  trial.
12          THE COURT:  Okay.  And I don't think that will
13  be a problem to get that done.
14      All right.  So is there anything else you want to
15  bring up at the status conference today?
16          MR. MARCHI:  If the Court is saying we're only
17  going to deal with discovery issues, deal with the trial
18  dates, then the issues that I have are -- yes, are all
19  going to the sentencing issues.  And, of course, if we're
20  not going to address those today, than I will leave it at
21  that.
22          THE COURT:  I'd like to keep them separate, yes.
23          MR. MARCHI:  I would ask for leave once we get
24  the guilt phase done, if these discovery issues -- I will
25  renew another request for a status conference, because I

```
 1   will be filing additional discovery motions once the
 2   guilt phase is taken care of.
 3           THE COURT:  Absolutely.  And if -- if there is
 4   to be a plea, and it fits with my schedule -- because I
 5   have a couple of trials coming up.  But if we can work it
 6   in, let's do the plea in my courtroom, and then we can
 7   deal with it right after the plea agreement.  We can go
 8   right into it, and we'll save some processing time.
 9           MR. MARCHI:  I would strongly encourage that,
10   Your Honor, because I think those would address some of
11   Mr. Doran's concerns about how this will proceed at the
12   next phase.
13           THE COURT:  That seems totally reasonable.
14   Thanks.
15      Mr. Werner, was there anything you wanted to bring up
16   today then?
17           MR. WERNER:  No.  We can't think of anything to
18   say, Your Honor.
19           THE COURT:  That never stops most of the
20   assistants from still talking, but thank you for that.
21           MR. WERNER:  I don't think that's necessary.
22           THE COURT:  Great.  All right.  We'll be
23   adjourned.
24           MR. MARCHI:  Thank you, Your Honor.
25           (End of proceedings)
```