Case 2:12-cr-00001-RSL Document 148 Filed 10/23/15 Page 1 of 3



FILED

OCT 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TIMOTHY GEORGE DORAN, <br><br> Defendant - Appellant. | No. 14-30209 <br><br> D.C. No. 2:12-cr-00001-RSL-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted October 13, 2015
Seattle, Washington

Before: W. FLETCHER and FISHER, Circuit Judges, and WILKEN, District Judge.[**]

Timothy Doran appeals his 99-month sentence following his conviction for failing to register or update registration as a sex offender under the Sex Offender

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Claudia Wilken, Senior United States District Judge for the Northern District of California, sitting by designation.

Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. The district court did not clearly err in finding by clear and convincing evidence that Doran killed Bich Ngoc Thi Nguyen in Vietnam in 2011. The government presented credible evidence that Doran was romantically involved with Ngoc, he had threatened her, her body was found hidden in his home, he fled Vietnam shortly after her death and he implicated himself in the killing to five individuals following the crime, including two persons who testified at an evidentiary hearing before the district court. Although Doran suggests he may have killed Ngoc in self-defense, he abandoned that theory in the district court. Because the court's finding was neither illogical, implausible nor without support in inferences that may be drawn from the facts in the record, it is not clearly erroneous. *See United States v. Pineda-Doval*, 692 F.3d 942, 944 (9th Cir. 2012).

2. Doran's 99-month sentence is not substantively unreasonable. The district court applied a significant variance, imposing a sentence three times the high end of the Guidelines range. "In determining substantive reasonableness, we are to consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range," *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), but we may not "presume . . . that a

non-Guidelines sentence is unreasonable," *United States v. Treadwell*, 593 F.3d 990, 1009 (9th Cir. 2010). In applying the § 3553(a) factors, the district court gave significant weight to Doran's killing of Ngoc in Vietnam. The variance, however, was not imposed to punish Doran for this uncharged, unrelated crime, but to protect the public from further crimes by Doran. *See* 18 U.S.C. § 3553(a)(2)(C). Given Doran's serious and escalating crimes of violence against women with whom he was romantically involved in 1990, 1992 and 2011, as well as his noncompliance with sex offender registration requirements, the district court reasonably concluded Doran presented a grave danger to the public, and that a lengthy sentence, still well within the statutory maximum, was sufficient but no greater than necessary to accomplish the purposes of § 3553(a). *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."); *United States v. Mohamed*, 459 F.3d 979, 988-89 (9th Cir. 2006) (affirming a 60-month sentence for making a phony bomb threat, even though it far exceeded the Guidelines range of 12-18 months).

**AFFIRMED.**