The Honorable Robert S. Lasnik

1
2
3
4
5
6
7                       UNITED STATES DISTRICT COURT FOR THE
8                       WESTERN DISTRICT OF WASHINGTON
                                  AT SEATTLE
9

10    UNITED STATES OF AMERICA,              NO.  CR12-001RSL

11                    Plaintiff,
                                             GOVERNMENT'S RESPONSE TO MOTION
12                                           TO MODIFY CONDITIONS OF SUPERVISED
                                             RELEASE (Dkt. #162)
13            v.

14    TIMOTHY GEORGE DORAN,

15                    Defendant.

16

17        The government respectfully requests that the Court deny Mr. Doran's motion to

18   modify the terms of his supervised release.  (Dkt. #162).

19   **I.      BACKGROUND**

20        **A. Doran's Guilty Plea, Evidentiary Hearing, and Sentencing**

21        In September 2012, Timothy Doran pleaded guilty to one count of Failure to

22   Register as a Sex Offender, in violation of Title 18, United States Code, Section 2250(a).

23   Dkt. #42.  After a multi-day evidentiary hearing that took place in 2013 and 2014, the

24   Court made several factual findings regarding Mr. Doran's conduct while in Vietnam,

25   including that Mr. Doran had intentionally killed his girlfriend Ms. Ngoc.  Dkt. #111 at 6.

26   The Court's order noted that Mr. Doran claimed to various people that he killed Ms.

27   Ngoc in order to protect his two minor sons.    Dkt. #111 at 5-6.

28

GOVERNMENT'S RESPONSE TO MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE/
*United States v. Timothy George Doran, CR 12-001RSL*- 1

1    The Presentence Report discussed Mr. Doran's violent criminal history.  Mr.

2  Doran was convicted of Assault in the Second Degree in 1991, for an attack on his then-

3  wife.  PSR ¶ ¶ 29-30.  Mr. Doran was also convicted of Rape in the Second Degree in

4  1992, for his violent sexual assault of an ex-girlfriend.  PSR ¶ ¶ 31-35.

5    Based on all of this information, on October 2, 2014, the Court sentenced Mr.

6  Doran to 99 months' imprisonment and 5 years of supervised release.  Dkt. #123.

7    **B.  Doran participates in custody proceedings**

8    While Mr. Doran was incarcerated on this matter awaiting sentencing, Mr.

9  Doran's two sons lived his sister Kathryn Doran.  After the October 2014 sentencing,

10  custody proceedings were finalized in Superior Court for Spokane County.  On

11  December 23, 2014, that court granted Ms. Doran custody of the two minors.

12    The court's Findings of Fact and Conclusions of Law order noted that Mr. Doran

13  objected to his sister having custody and that Mr. Doran expressed "very negative

14  opinions about his sister."  The court further noted that "Mr. Doran desires to pick up the

15  children from his sister on the day he is released from prison and take them to Arizona

16  where he hopes to find a job and a place to reside."

17    The Custody Decree ordered that "The residential address of Ms. Doran and the

18  children shall be kept confidential, for her safety and for the safety of the children."  Mr.

19  Doran was permitted to contact the children by telephone.

20    In May 2018, while Mr. Doran was serving his federal prison sentence, he filed a

21  handwritten motion to modify the custodial plan for his minor children.  As part of this

22  motion, Mr. Doran attached reports showing his calls to Spokane Police in 2017 trying to

23  determine Ms. Doran's residential address (despite the court order).  The CAD reports

24  show repeated calls by Mr. Doran to law enforcement in January 2017, February 2017,

25  and May 2017.  One CAD report said that Mr. Doran claimed that Ms. Doran is making

26  the children "lie to him about whether they have moved or not."  Another reported that

27  Mr. Doran wanted to find physical addresses for the minor children and asked law

28

GOVERNMENT'S RESPONSE TO MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE/
*United States v. Timothy George Doran, CR 12-001RSL*- 2

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    enforcement to "CONTACT SCHOOLS TO SEE WHERE CHILDREN ARE

2    ENROLLED."

3        Ms. Doran then sought and obtained a protective order from the state court.  On

4    November 5, 2018, after a hearing with Mr. Doran present via telephone, the Spokane

5    County Superior Court issued an order restraining Timothy Doran from harassing,

6    stalking, or otherwise contacting Ms. Doran or the children.  The protective order further

7    prohibits Mr. Doran from contacting third parties to learn the location of Ms. Doran or

8    the minor children.  Mr. Doran had notice of this order.

9        **C. Doran is briefly released to halfway house and returned to FDC**

10       Mr. Doran was released to a halfway house on September 27, 2018, as part of his

11   99-month sentence with the Bureau of Prisons (BOP).  Mr. Doran obtained work at a

12   construction company.  Still, he remained in the custody and under the supervision of

13   BOP.  And though Mr. Doran was not yet on supervised release, his case was assigned to

14   United States Probation Officer Michael Larsen.

15       During this pre-release phase, Mr. Doran told a co-worker that he was going to kill

16   his sister and take his children.  He further told the co-worker that he wanted to leave the

17   United States and travel to the Philippines and disappear.  The co-worker reported the

18   threat to the FBI and the threat was relayed to Officer Larsen and the BOP.

19       Based on the threats, the BOP revoked Mr. Doran's release to the halfway house

20   and returned Mr. Doran to jail for the rest of his sentence.  Mr. Doran returned to FDC-

21   Seatac on January 23, 2019.

22       **D. Doran's supervision is modified**

23       When Mr. Doran returned to custody, Officer Larsen requested permission to

24   modify his supervised release by adding two conditions: first, that Mr. Doran have no

25   contact and make no attempt to locate Ms. Doran; and second, that Mr. Doran reside in a

26   RRC for up to 180 days.  Dkt. #159.

27       The no-contact, no-locate condition was based on Doran's threats to his sister.  It

28   was also based on multiple individuals that told Officer Larsen that Doran contacted them

GOVERNMENT'S RESPONSE TO MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE/
*United States v. Timothy George Doran, CR 12-001RSL*- 3

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   from prison in an attempt to locate Ms. Doran. Dkt. #159 at 1. The RRC condition was

2   added when Mr. Doran told Officer Larsen that Doran did not have a place to live when

3   he was released from FDC. Dkt. #159 at 1.

4        Mr. Doran waived his right to a hearing on this matter and signed a waiver in the

5   presence of his FDC counselor, Mr. McDermott. Dkt. #159 at 3. In the underlying

6   motion to modify supervised release, Mr. Doran asserted that he did not understand the

7   effect of his waiver. Dkt. #162 at 2,4. The government anticipates that Mr. McDermott

8   would testify that he did not explain the form to Mr. Doran and did not advise that this

9   form was to be used for an administrative hearing. Rather, the government anticipates

10   that Officer Larsen explained the form to Mr. Doran.

11        Mr. Doran began his term of supervision on April 4, 2019.

12   **II.    ARGUMENT**

13       **A. Doran knowingly and voluntarily waived his right to a hearing**

14        A court has broad authority to modify the terms of supervised release. 18 U.S.C.

15   § 3583(e)(2). The district court is not required to hold a hearing before modification of

16   supervised release when a defendant waives his right to a hearing. Fed. R. Crim. P.

17   32.1(c)(2)(A). The waiver of this hearing likely needs to be knowing, intelligent, and

18   voluntary. *See United States v. Stocks*, 104 F.3d 308, 312 (9th Cir. 1997) (interpreting

19   earlier version of Rule 32.1 to require knowing, intelligent, and voluntary waiver of

20   modification hearing).

21        Mr. Doran's waiver meets this standard. The waiver document clearly states that

22   he is entitled to a hearing before the modification may be made. Dkt. #159 at 3. It also

23   states that he may be represented by counsel. Dkt. #159 at 3. The new conditions were

24   explained to Mr. Doran by his Probation Officer. Mr. Doran's claims that Mr.

25   McDermott at the FDC misled him that this document was about an administrative

26   hearing strain believability. On its face, this waiver deals with his federal supervision. It

27   is knowing, intelligent, and voluntary.

28   //

GOVERNMENT'S RESPONSE TO MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE/
*United States v. Timothy George Doran, CR 12-001RSL*- 4

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    **B. The Court should not modify Doran's supervised release to remove these**
2    **conditions.**

3    Section 3583(e) of Title 18 permits modification of a term of supervised release,
4    after considering certain of the Section 3553(a) factors, if "such action is warranted by
5    the conduct of the defendant released and in the interest of justice."  In determining
6    whether to modify conditions, a court may consider the nature and circumstances of the
7    offense, the need for deterrence, and the need to protect the public from future crimes of
8    the defendant.  *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (reviewing
9    authorized factors for modification of supervised release).  Modification of a supervised
10   release condition may be appropriate to account for "new and unforeseen circumstances"
11   in a defendant's supervision.  *United States v. Miller*, 205 F.3d 1098, 1100-01 (9th Cir.
12   2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  However,
13   changed circumstances are not necessary for a district court to modify the conditions of
14   supervised release.  *Bainbridge*, 746 F.3d at 950.

15   The Court has broad discretion in determining whether to modify the terms of
16   supervised release.  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

17   The two new conditions are appropriate under this analysis.  The first condition,
18   prohibiting Mr. Doran from making contact with his sister, protects the public.  While
19   there is already a state protection order in place, making no-contact a condition of Mr.
20   Doran's supervised release adds additional serious consequences, including the loss of his
21   liberty, if he were to violate the no-contact order in any way.  It is not an abstract concern
22   – Mr. Doran has been trying to find out the address of his sister for years.  He has even
23   threatened to kill her.  The government takes these threats very seriously -- Mr. Doran
24   has been convicted of rape, assault, and this Court found that he intentionally killed a
25   woman in Vietnam.

26   The second condition is also justified based on Doran's current circumstances.  He
27   has no place to live.  The RRC is an appropriate place for a sex offender, like Mr. Doran,
28   to live while he transitions back to public life.  Further, the RRC provides more

GOVERNMENT'S RESPONSE TO MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE/
*United States v. Timothy George Doran, CR 12-001RSL*- 5

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  supervision to Mr. Doran which helps protect the public, as an extra safeguard to prevent

2  Mr. Doran from contacting his sister as discussed above, or committing any other new

3  law violation.

4  **III.    CONCLUSION**

5      The government respectfully asks that the Court find that Mr. Doran knowingly

6  and voluntarily waived his right to a hearing regarding the modification of his supervised

7  release.  Further, the government asks that the Court deny the motion to modify

8  supervised release and to maintain the two new conditions of supervised release.

9      Dated this 9th day of May 2019.

10                                              Respectfully submitted,

11

12                                              BRIAN T. MORAN
                                                United States Attorney

13

                                                *s/ Brian D. Werner*
14                                              ANDREW C. FRIEDMAN
                                                BRIAN D. WERNER
15                                              Assistant United States Attorneys
16                                              United States Attorney's Office
                                                700 Stewart Street, Suite 5220
17                                              Seattle, Washington 98101
18                                              (206) 553-7970

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S RESPONSE TO MOTION TO MODIFY                    UNITED STATES ATTORNEY
CONDITIONS OF SUPERVISED RELEASE/                            700 STEWART ST, SUITE 5220
*United States v. Timothy George Doran, CR 12-001RSL*- 6     SEATTLE, WASHINGTON 98101
                                                             (206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/ Brian Werner*
BRIAN WERNER

GOVERNMENT'S RESPONSE TO MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE/
*United States v. Timothy George Doran, CR 12-001RSL-* 7

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970